Filed 7/16/25  P. v. Owens CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B337355 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA022383) |
| v. | |
| RODNEY DARNELL OWENS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Hayden A. Zacky, Judge.  Affirmed.

Ralph H. Goldsen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Stephanie C. Brenan and Stefanie Yee, Deputy Attorneys General for Plaintiff and Respondent.

Defendant Rodney Darnell Owens appeals from an order denying his supplemental petition in support of resentencing under Penal Code section 1172.75. For the reasons given below, we affirm the order.

## FACTUAL SUMMARY

In 1996, a jury convicted defendant Rodney Darnell Owens of seven counts of second degree robbery (Pen. Code, § 211),[1] one count of carjacking (§ 215, subd. (a)), and one count of willfully evading an officer (Veh. Code, § 2800.2). As to each of the robbery and carjacking counts, the jury found true enhancement allegations that defendant had personally used a firearm in committing the crimes. (§§ 1203.06, subd. (a)(1), 12022.5, subd. (a).) At the time he committed his crimes, he was on parole. The court sentenced him to prison for 37 years, comprised of: the upper term of 9 years for carjacking; the upper term of 10 years for the firearm enhancement on the carjacking count; a consecutive one-year term (one-third of the middle term) for each of the seven robberies; a consecutive one-year term (one-third of the middle term) for the evading an officer count; and a one-year prior prison enhancement under section 667.5, subdivision (b). We affirmed the conviction in an unpublished opinion. (*People v. Owens* (Jan. 30, 1998, B108853).)

In 2018, defendant was convicted of unlawful possession of marijuana (§ 4573.6) and felony bribery of an officer (§ 67.5, subd. (b))—crimes he committed in prison. As a result, 5 years 4 months were added to his sentence.

---

[1] Subsequent statutory references are to the Penal Code.

In 2022, the California Department of Corrections and Rehabilitation (CDCR) informed the superior court that defendant's sentence includes a prison prior enhancement under section 667.5, subdivision (b), which the Legislature declared invalid in 2021, subject to an exception not applicable here. (Stats. 2021, ch. 728, § 2.) This prompted the trial court to review the sentence and strike the one-year enhancement, thus reducing defendant's sentence to 36 years. The court otherwise left the sentence unchanged.

On March 4, 2024, defendant filed a "supplemental petition in support of resentencing." (Capitalization omitted.) He requested the court conduct a full resentencing hearing and reduce his sentence further by applying postconviction changes in sentencing laws. In support of his petition, defendant asserted: he was 24 years old when he committed his crimes and is now 52 years old; he has served 28 years of his 37-year sentence; he has not been convicted of a "super strike" offense (see § 667, subd. (e)(2)(C)(iv)); he is not a sex offender; he has completed his GED and numerous self-improvement and rehabilitative programs during his incarceration; he has a "very impressive" inmate assignment history; and his "last act of actual violence in prison was in 2012." Defendant provided supportive letters from his wife, his daughter, a brother, and a prospective employer. He also included a copy of what appear to be notes from a 2023 Mule Creek State Prison classification committee hearing concerning defendant's potential for placement "in a minimally supervised setting." The notes state that, "based on the length of time that has elapsed from the commission of [defendant's] crimes, it does not appear [defendant] would pose an unreasonable or greater than average risk to the public."

3

In March 2024, the court held a hearing on defendant's petition. The district attorney opposed any reduction in defendant's sentence.

At the outset of the hearing, the court stated that it had read and considered defendant's supplemental petition "along with all of the attachments," as well as the original probation report and our opinion in defendant's direct appeal, and "reviewed the court file." The court further stated that it "is aware of . . . all of the changes in California state law regarding sentencing and the discretion that it does give courts."

The court stated that among its "concerns" were the facts that defendant committed his armed robberies "repeatedly" against the same victim, that he committed an armed carjacking and "a police chase," that he was convicted of crimes committed while in custody—including bribing an officer—and has committed "acts of violence while in prison."

During the hearing, the court stated that defendant qualifies for the Elderly Parole Program (§ 3055), and "assum[ed]" that he "will have an elderly parole hearing relatively soon. So that kind of obviates the—or makes me question why even re-sentence when that's going to happen." During the hearing, the court accessed the CDCR's website because it was "just curious when his parole hearing is." The court noted that the website indicated that defendant was denied parole in November 2019, and a tentative date for a parole suitability hearing is scheduled for November 2026.

After hearing argument, the court stated: "I do wonder why parole was denied for a period of seven years in 2019. It could have been for that new charge. But it could have been for reasons unknown to the court." The court again referred to

4

the availability of elderly parole, which "would benefit [defendant], given his age and the length of time that he has served in state prison."

The court concluded: "The court will not exercise its discretion at this time. [¶] The court does not find it's in the interest of justice given the underlying offenses that occurred. The fact that there were numerous [*sic*] over a period of time involving a handgun with a potential for a high degree of violence. [¶] So the sentence remains."

Defendant timely appealed.

## DISCUSSION

Under section 1172.75, when, as here, the CDCR informs the superior court that an inmate is currently serving a sentence that includes an invalid prison prior enhancement and the court verifies that information, "the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).) The resentencing is a "full resentencing." (*People v. Monroe* (2022) 85 Cal.App.5th 393, 401–402; accord, *People v. Terwilligar* (2025) 109 Cal.App.5th 585, 601.)

In resentencing the defendant pursuant to section 1172.75, the court is required to "apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing" (§ 1172.75, subd. (d)(2)), and the "court may consider postconviction factors, including . . . the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances

5

have changed since the original sentencing so that continued incarceration is no longer in the interest of justice" (§ 1172.75, subd. (d)(3)).  The new sentence shall be less "than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety.  Resentencing pursuant to . . . section [1172.75] shall not result in a longer sentence than the one originally imposed." (§ 1172.75, subd. (d)(1).)

Section 1172.75 "vests the superior court with broad discretion based on an inherently factual inquiry." (*People v. Garcia* (2024) 101 Cal.App.5th 848, 856–857.)  We review the court's ruling for an abuse of such discretion.  (*Id.* at p. 857.) "Absent evidence to the contrary, we presume that the trial court knew the law and followed it." (*People v. Ramirez* (2021) 10 Cal.5th 983, 1042; accord, *People v. Bravo* (2025) 107 Cal.App.5th 1144, 1157.)  The party challenging the sentence has the burden of showing an abuse of discretion.  (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 977.)  " 'In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.' [Citation.]  Concomitantly, '[a] decision will not be reversed merely because reasonable people might disagree. "An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge." [Citations.]' " (*Id.* at pp. 977–978.)

Defendant contends that the court erred because it "did not exercise discretion at all." (See, e.g., *People v. Sandoval* (2007) 41 Cal.4th 825, 847–848 ["[a] failure to exercise discretion

also may constitute an abuse of discretion"].) He relies on the court's statement that it "will not exercise its discretion at this time." The defendant misinterprets the court's statement. At the outset of the hearing, the court stated that it "is aware of . . . all of the changes in California state law regarding sentencing *and the discretion that it does give courts.* (Italics added.) The discretion that section 1172.75 gives the courts is the discretion to *reduce* the defendant's sentence, not increase it. (§ 1172.75, subd. (d)(1) [resentencing "shall not result in a longer sentence than the one originally imposed"].) Thus, in the context of section 1172.75 resentencing, the court's statement that it will not exercise its discretion is a shorthand way of saying that the court was not exercising the discretion the Legislature had given courts—to reduce defendant's sentence—not as expressing the refusal to exercise discretion at all.

Moreover, the court's statement must be viewed in light of the entire transcript of the hearing. The court made the statement defendant relies on immediately before stating that its ruling was based on the facts concerning defendant's crimes, and after the court expressed its "concern[s]" about defendant's "acts of violence" and bribing an official while incarcerated. There would have been no point in stating such facts and concerns if the court had decided to refuse to consider or exercise its discretion at all. We therefore reject defendant's argument that the court's statement that it will not exercise its discretion establishes error.

Defendant further contends that the court improperly "based its denial of the petition . . . on the availability of elderly parole." Defendant points to the court's comments during the hearing regarding elderly parole. We do not read the court's

7

comments, however, as a basis or reason for the court's ruling. The court expressed its reasons for its ruling by stating it is not "in the interest of justice given the underlying offenses that occurred" and "[t]he fact that there were numerous [*sic*] over a period of time involving a handgun with a potential for a high degree of violence." Elderly parole is not mentioned as a reason for the ruling; rather, it appears that the court's discussion of the availability of elderly parole was a way of providing some solace to defendant and, in the court's words, its "hope for [defendant's] sake, and [his] family's sake, that the parole board grants his request [for parole]." We therefore reject defendant's argument that the court based its ruling on the availability of elderly parole.

Defendant makes a series of arguments that amount to reasons why the court, in his view, should have exercised its discretion to reduce his sentence. The court, for example, "could have found that aggravating circumstances did not outweigh mitigating circumstances, and . . . then . . . imposed the low term of [three] years" on the carjacking count. Defendant refers us to an amendment to section 12022.5, subdivision (c), which gives courts discretion to strike or dismiss a firearm enhancement that is otherwise mandated. (Stats. 2017, ch. 682, § 1, p. 5104.) The court, defendant argues, "could have stricken any or all of the seven subordinate firearm use enhancements," or imposed concurrent sentences instead of consecutive sentences. He also lists the mitigating factors cited in his petition, including: he was 24 years old when he committed his crimes; he is now an elderly prisoner; he has spent more than 20 years in prison; he is not a sex offender; he has never been convicted of a strike offense; an internal prison report stated that he was not a danger to public

8

safety; he has a commendable record of rehabilitation; and none of his robbery and carjacking victims was harmed.  These arguments and mitigating facts, however, do not satisfy defendant's burden of showing that the court's ruling is an abuse of discretion.  (See *People v. Bernal* (2019) 42 Cal.App.5th 1160, 1170 ["the presence of mitigating evidence is not enough to render the trial court's decision an abuse of discretion"].)  To the extent the court did not expressly address points raised by defendant below, we do "not presume error from a silent record" and, " '[u]nless the record affirmatively demonstrates otherwise, the trial court is deemed to have considered all the relevant sentencing factors set forth in the rules.' "  (*People v. Knowles* (2024) 105 Cal.App.5th 757, 765; see Cal. Rules of Court, rule 4.409 [sentencing factors "will be deemed to have been considered unless the record affirmatively reflects otherwise"].)[2]

Lastly, defendant argues that we should "consider disqualification of [the sentencing judge] in the interests of justice."  He relies on Code of Civil Procedure section 170.1, subdivision (c), which provides:  "At the request of a party or on its own motion an appellate court shall consider whether in the interests of justice it should direct that further proceedings be heard before a trial judge other than the judge whose judgment or order was reviewed by the appellate court."  Because we affirm

---

[2] The Attorney General contends that certain arguments defendant raises on appeal were not raised below and were therefore forfeited on appeal.  In reply, defendant contends that any such forfeiture is a denial of his "statutory right to the effective assistance of counsel."  Because we have considered defendant's arguments on the merits, we do not consider whether his counsel was ineffective below.

9

the court's order, our disposition does not contemplate any further proceedings.  Even if the statute was applicable, the request is without merit.  As the Attorney General asserts, "[t]he court's informed and thoughtful decision does not transform to one indicating bias simply because it was unfavorable to appellant."

## DISPOSITION

The March 26, 2024 order from which the appeal is taken is affirmed.

<u>NOT TO BE PUBLISHED</u>.


ROTHSCHILD, P. J.

We concur:


BENDIX, J.


WEINGART, J.

10